MANCA, INC. *v.* UNITED STATES (No. 5004)[1]

United States Court of Customs and Patent Appeals, June 14, 1960

*Eugene R. Pickrell* (*Richard F. Weeks* of counsel) for appellant.

*George Cochran Doub*, Assistant Attorney General, and *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel) for the United States.

[1] C.A.D. 738.

104

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

RICH, Judge, delivered the opinion of the court:

This appeal from the judgment of the Customs Court (C.D. 2071) involves microprojectors, the same goods involved in *Manca, Inc., et al.* v. *United States*, 39 Cust. Ct. 444, Abstract 61229, the record of that case being incorporated herein without any additional evidence.

In both cases the lower court overruled the protests and held that the classification of the microprojectors under paragraph 228(b) of the Tariff Act of 1930 as "all optical instruments, frames and mountings therefor, and parts of any of the foregoing," carrying a duty of 45% ad valorem, was correct.

Appellant claims that the proper classification is under the same paragraph either as "projection lenses" or "Frames and mountings for projection lenses" at a duty of 35% and alternatively as scientific or laboratory instruments, in chief value of metal, not specially provided for, under paragraph 360.

The two paragraphs with which we are concerned read as follows:
Par. 228.

(b) Azimuth mirrors, parabolic or mangin mirrors for searchlight reflectors, mirrors for optical, dental, or surgical purposes, photographic or projection lenses, sextants, octants, opera or field glasses (not prism binoculars), telescopes, microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

Par. 360. Scientific and laboratory instruments, apparatus, utensils, appliances (including surveying and mathematical instruments), and parts thereof, wholly or in chief value of metal, and not plated, with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem; * * *

The reason for the protest that the imported merchandise is "projection lenses" rather than "optical instruments" is that the duty on the former was reduced to 35% by the Torquay Protocol to GATT (T.D. 52739) and a like reduction was made on "frames and mountings for projection lenses" by the Protocol for the accession of Japan to GATT (T.D. 53865 supplemented by T.D. 53877). The 40% rate of paragraph 360 was also reduced to 30% by the aforesaid Torquay Protocol (T.D. 52739).

 The lower court held in both this and the former case that the classification is controlled by the decision of this court in *United States* v. *Clay Adams Co., Inc.*, 20 CCPA 285, T.D. 46078.

---

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

This court, in the *Clay Adams* case had before it "Microscopic drawing and projection apparatus" called "Promi." It was returned for duty at 45% ad valorem under paragraph 228(b). The importer claimed it was dutiable under paragraph 360. The Customs Court held it was dutiable as "Scientific and laboratory instruments" under paragraph 360 and sustained the protest. The Government appealed. The importer contended in this court that "Promi" was not a projection lens and not a microscope or frames and mountings for either. It also contended "Promi" was not within "all optical instruments" because more specifically provided for as "Scientific and laboratory instruments." The Government contended "Promi" was a projection lens and "frames and mountings therefor," (which is the very contention being made by appellant here) citing three of the cases appellant relies on here. The court passed on this contention saying:

> We are not impressed with the contention of the Government that the importation at bar consists of a projection lens and frames and mountings therefor. * * * but we do hold that the provision for "all optical instruments, frames and mountings therefor," clearly embraces the importation at bar.

It will be noted that this was not a dictum but a decision on a disputed issue in the case. The importer claimed "Promi" was not a projection lens and the Government contended it was. A decision was made.

The other decision in *Clay Adams* was that "the context of paragraph 228(b) and a consideration of the character of the articles Congress specifically provided for therein compels the conclusion that the legislature contemplated the classification thereunder of merchandise such as is at bar." The court felt it unnecessary to consider the relative specificity of paragraphs 228(b) and 360. Judge Hatfield disagreed with the latter point and expressed his view that the provision for "all optical instruments" was a more specific designation than "scientific and laboratory instruments."

It is thus clear that the *Clay Adams* case explicitly passed on both of the contentions appellant is making here. ■ On principles of *stare decisis* it is controlling, as held below, unless the importer can show that the decision was clearly erroneous or that the imported merchandise here involved is not the same in kind. In our judgment it has failed to do either.

The goods in this case are admitted by appellant to be microprojectors, devices which project an image of a specimen on a microscope slide in enlarged form on a screen. Another name for such devices is projection microscopes, or microprojection apparatus under which name it was invoiced. It was made by Ernst Leitz GMBH, Wetzlar, Germany. There were two models, XIc and XbII, photographic illustrations of which are in evidence. The construction is different, in part, but they operate on the same principle with the

same essential elements: a light source, condensing lenses, slide holders, microscopic objective lenses, projection lenses, and in some cases a prism to change the angle of the projected light beam by 90°. The "Promi" of the *Clay Adams* case was obviously the same kind of apparatus. The court's opinion describes it thus:

It embodies the principle of the microscope, which magnifies the specimen, and a projecting apparatus which, through the use of a lens and a light, projects the magnified image of the specimen downward on a sheet of paper where the reflected image is shown in a picture or reflection about seven inches in diameter, or upon a screen on the wall where the image is three or four feet in diameter.

We have carefully considered all that appellant has said in attempting to distinguish this case from *Clay Adams* on the facts, and it is voluminous, but we cannot see a distinction.

We can see the logic of the argument that these microprojectors are projectors and that projectors of other types have been classified as projection lenses and frames, etc., wherefore microprojectors too should be so classified, which is the substance of appellant's other argument. But in this case we are concerned with specific merchandise which was held by this court in 1932 to be classifiable as "optical instruments" and has been so classified ever since.

The judgment of the Customs Court is *affirmed*.